We'll call our final case for the morning, United States v. Yoder, appellate number 15-3590. Good morning, may it please the court, my name is Robert Epstein and I'm here today on behalf of the appellant, Ms. Christine Yoder. With the court's permission, I'd like to reserve three minutes of my time for rebuttal. It's granted. Your Honor, the first issue on this appeal is whether the district court's sentencing procedures constitute plain error. In our briefs, we assert a number of procedural irregularities. But unless the court directs otherwise, I'd like to begin with what I perceive to be the most egregious of those, which is the district court's failure to address counsel's arguments for a lower sentence relating to Ms. Yoder's personal characteristics, namely her intellectual disability, her amenability to treatment, and her very low risk of reoffending. The judge gave a variance and it was informed by her tragic history, I believe was the words. So didn't the court consider that very point? The court only considered, only addressed the tragic history point, which was a history of horrific sexual abuse. But counsel made arguments beyond her history. Counsel made arguments relating to her characteristics. And in this court's decision on Orlovsky, the fact that there was a variance given on the basis of the defendant's view in that case. Well, in saying her tragic history, isn't implicit in that that the court has considered all the testimony from the psychologist, from the possibility of treatment, as well as the actual incidents in her past? No, Your Honor. Respectfully, no. For three reasons. If we look at the sentencing statute, if we look at the arguments that were actually made, and if we look at this court's decisions. First, the sentencing statute recognizes there is a distinction between a defendant's history and characteristics. The very first thing, 3553, directs sentencing courts to consider as both a defendant's history and characteristics. Consistent with that, counsel made arguments relating both to Ms. Yoder's history and to her characteristics. History of sexual abuse. And when she made arguments to the characteristics, it wasn't about the fact that Ms. Yoder was intellectually disabled as a child. It was a fact. It was a matter of the fact. Look at her mental state at the time of the offense. Look at her characteristics moving forward. The fact that she's intellectually disabled, she's not a predator, she's not a pedophile. She's actually extremely amenable to treatment, and she has a very low risk of reoffending. So we're looking to the future, not to the history. You say the judge didn't consider those things. If you look at the statement of reasons that get issued by the court, the court is very specific that it considered her psychosis, mild mental retardation, mild intellectual disabilities as being all these things diagnosed. So the statement of reasons itself demonstrates, corroborates what can be inferred from the sentencing transcript. But that doesn't address the fact that she's amenable to treatment and she has an extremely low risk of reoffending. But doesn't the treatment component, though, get acknowledged by the district court by the nature of the sentence imposed, including requiring that she participate in treatment, that she gets her medication? Our job is to make sure that we can understand what happened at that proceeding to satisfy ourselves, that 30, 35, 53 factors were satisfied. And don't those points indicate that this court, as Judge Roth just said, heard the testimony of the psychologist, read the materials, and then uses these words that we can see on the transcript and in the statement of reasons to demonstrate consideration such that there was not plain error here? Well, there's nothing here, Your Honor, in the statement of reasons or what was said on the record that addresses the arguments about her low risk of reoffending and about her amenability to treatment. And, in fact, if you look at what the district court said on the record, it would appear the district court did not consider that at all because the district court says, basically the reason for a 25-year sentence is because of a need to protect children. But the psychologist testified that she has a very low risk of reoffending. Well, the psychologist also testified that she couldn't be sure that she wouldn't reoffend or not. No, the psychologist testified that on cross-examination she reiterated that it was her belief that she had a very low risk of reoffending. It was uncontested as well. That's correct. There was no contrary evidence or testimony that was presented. So the district court never addressed those arguments. And this Court is clear. It's not what the district court might have intended by her comments. It's what the district court actually said. But I just pointed out two things that demonstrate what Her Honor said about the points you've just raised. And, again, we're at plain error. And the reason why we have that high standard is because this is the kind of thing that could have been cured at the sentencing, and it wasn't. And so we need to determine whether it was error at all. And if it was error, whether it affects the fairness of the proceedings, the integrity of the proceedings. And taken together between the statement of reasons together with what the judge said about the defendant herself recognizing her tragic history, recognizing the impact of her conduct on others, recognizing the need to protect her children and others, how can this Court conclude that the integrity of these proceedings are somehow anything other than that something should be respected, that a judge thought about those things and explained and acknowledged them? That's right. Because there has to be a specific acknowledgment in response to the specific arguments being put forward. And there was not a specific acknowledgment in response to the arguments relating to her low risk of reoffending and her amenability to treatment. Didn't the judge manifest its disagreement with that point when she believed a significant sentence was needed? No, Your Honor. And Orlovsky is directly on point there. Because the district court in Orlovsky, it was the same type of situation where the court said, I need to impose this sentence because I have a fear that this defendant may turn into a predator. And Judge McKee writing for this Court said that shows that the judge didn't consider the psychologist's testimony. The psychologist testified in the report said that Mr. Orlovsky had a very low risk of reoffending. But isn't Orlovsky different because, at least as reported in the Third Circuit opinion, there was no indication that there was any consideration about the individual, him or herself. It was more about the nature of the crime. And that was the concern of the panel was that we didn't take into account who the offender was. In this instance, we have many comments by the court saying that she had to consider who was taking account, not only the person who stands in front of me, but also the crime. So isn't this distinguishable from Orlovsky? It's really not, Your Honor. It's the same problem in that there is no acknowledgment in response to specific arguments about her low risk of reoffending, which is exactly what we had in Orlovsky. And what this Court's precedents make clear is we're not looking to see what the judge might have intended, but what if there was an actual acknowledgment in response to specific arguments that were made. So if you look at Vasquez-Lebron, which is a plain error case, and the issue there was slightly different, but we're dealing with procedural sentencing error there, where the District Court said I'm departing by one offense level for cooperation, but then the District Court imposed a sentence that was still within the original range. And this Court said the Court might have meant to depart below the guidelines, but then very upwards. That's what this Court recognized the District Court might well have been intending to do in that case, but it was still plain, obvious error because the District Court didn't explicitly say that, so this Court sent it back. Same here. It may be that the District Court might have intended, by its comments, to be trying to respond to the specific arguments about a low risk of reoffending and about amenability of treatment, but the District Court just didn't do it. So it's not a question of whether or not the District Court might have intended to. We have to look at the actual words that were said in her explanation. Focusing on this low risk of reoffending point that I gather is the one you seem to find the biggest omission about, the Court talks about the fact that there's a need to protect her children and other children, which demonstrates a recognition that there's a risk of reoffending. So what more does the District Court have to say? I disagree because I think there's a need to protect your kids and other kids? That's exactly right. That would be what the District Court would have to do. I acknowledge and I'm responding to the testimony from the psychologist that there's a low risk of reoffending. I disagree. Now, I don't understand how there would have been a reason for her to disagree because there was no contrary evidence or testimony presented, and the testimony was quite compelling. She's not a predator. She's not a pedophile. She's able, actually disabled, and the Bureau of Prisons has a great two-year treatment program precisely for defendants like her who have no intellectual disabilities nor sex offenders. Isn't there a test of whether there was meaningful consideration? And the meaningful consideration is demonstrated by the fact that the judge was present during the testimony, asked a couple of questions during the testimony, and then heard arguments from counsel asserting all these things so that it was clear the judge was privy to all of this and came to just a conclusion that maybe he disagreed with. This court has said over and over again that what meaningful consideration means is it's a concrete requirement. It's an acknowledgment and a response to the particular argument made, not that the judge heard the arguments but that the judge acknowledged and responded to it. And respectfully, Your Honor, there were not questions put to the psychologist regarding her inability to treatment and regarding her low risk of reoffending. There was only one question that the judge asked, and that was regarding whether or not it was the psychologist's opinion that Ms. Yoder would not have sent her child away. That was the only question asked. My statement about what Dr. Sultan said, referring to the appendix, that it can be hard to accurately predict whether a defendant like Yoder will reoffend because sexual crimes are often committed in secret and go unreported. That was the prosecutor's question to her, and her response was that she maintained her view that she has a very low risk of reoffending. And the question, frankly, really doesn't make much sense. Whether or not these crimes are committed in secret really doesn't go to the issue of whether she has a low risk of reoffending or not. And the psychologist was absolutely clear on that point and maintained it, and it's cited in our brief, the appendix, that she has a very low risk of reoffending. One of the other arguments for a lower sentence that was made here had to do with the problems with the child pornography guidelines, and that's something that the district court did not respond to at all. But doesn't our case law say that if a district court judge thinks the guidelines are not, doesn't have a disagreement with the guidelines, there's no need for them to go through an explanation of why they believe the guidelines are correct? What this court said in Lopez-Reyes is that a district court doesn't have to undertake an independent analysis of the guidelines, but this court did not say in Lopez-Reyes that a court is free to simply ignore the argument altogether. So you're saying that a judge who can't just rely on the guidelines and has to articulate why, if you say the guideline is bad, the judge is duty-bound to say no, it's fine? Why can't the judge just rely on the guideline because it's still in full force in effect? That's what Lopez-Reyes is getting at, no? In Lopez-Reyes, the district court responded to the arguments that were made regarding the guidelines, rejected them, and applied the guidelines. That's fine. Here the district court did not respond to the arguments whatsoever. And all Lopez-Reyes said is once a district court responds to the argument, it doesn't have to go further and start going through an independent analysis of the guidelines. But this court in Lopez-Reyes certainly didn't carve out an exception to the general acknowledge and response requirements for one particular type of variance argument. There would be no reason for this court to do that, and it didn't do it there. It just said there doesn't have to be an additional independent analysis beyond the acknowledgement and response. Refresh my memory. When the argument on the attack on the child pornography guidelines, was that only made in the briefs and not raised again at sentencing? Yes, Your Honor. Again, it comes back to if that was the whole point of Flores-Mejia. If counsel wants the court to make sure they consider something, it's supposed to be brought up again so it can be cured. How does the failure to do that affect the integrity of the proceedings here? Your Honor, counsel certainly, and we acknowledge in our briefs, made a mistake by not objecting at the end. But that doesn't preclude review. That just makes review a better. I totally agree. No, that just makes your review plain error. That's the price you pay. But how does it affect the integrity of the proceedings? Well, I'm going to assume for the purpose of this question that it was plain, it was error. Let's assume that. How does the failure of a judge to say, I'm going to apply the guidelines that are in full force and affect the integrity of the proceedings such that we should vacate? Well, it's not just the judge applying, saying that. It's a judge meaningfully consider what has been recognized by this court to be a very valid meritorious argument. And if the judge doesn't consider, doesn't give any consideration to what is a very valid meritorious argument, that truly affects the integrity of judicial proceedings. We expect judges to consider meritorious arguments at sentencing. Counsel, we'll have you back on rebuttal. Thank you. Thanks. Good morning, Your Honors. Lew Levin for the government. The Supreme Court in Meda instructs a court in reviewing a record such as this to look to see if the court considered the defendant's arguments. And as Your Honor, Judge Schwartz pointed out, gave them meaningful consideration. And looking at this record, there's no question that while the court did speak rather briefly in explaining its sentence, it certainly considered the arguments of a defendant. And in the context of the entire hearing, one can see that on this record there was no procedural error. I don't see how you can say that when the court really did analyze it in any way that the history of this woman was an abused woman herself. The expert testimony was overwhelming and uncontested, that she was not a pedophile and she was treatable. And she had what could only be, say, an insignificant criminal record. And she was abused herself as a child. And the judge really didn't consider these any length. He didn't certainly dwell on them at all. Or say why they're irrelevant to the sentencing in this case. And to sentence someone that's a 9 or 10-year-old mental state to 30, well, 25 years in jail, I got the impression reading this record that the judge was overwhelmed with the crime, which is despicable, no question about it. But lost sight of the individual who was responsible for the crime, which is the sine qua non of the reason for sentencing and making it a differential as to what a sentence should be. The sentencing judge here certainly did not go into any detail concerning the various aspects that this person put forward, why meaningful consideration should not be given to a variance or other consideration. How do you square with that position? Well, I certainly agree with Your Honor that the court did not explicitly go into detail the way one might in a 10 or 15 year... Required to do under 3553. Excuse me? Required to do under the sentencing law. You've raised a lot of issues. So we've got the 3553 factors and we have the arguments raised by counsel. And I agree with Your Honor that there's not explicit detail on the record that goes through each and every point that the defense raised. But that is not required by the law. And if I can focus Your Honors on, again, the context of this hearing, the arguments that were made, the way that the arguments were made, and then the court's response. One can see that on this record, that is not error. And I strongly disagree with Your Honor that this court was so overwhelmed with the conduct in this case, as occurred in Ohovsky, that she ignored everything. And I'm going to go through that now because that is not this record. After the court hears testimony from the psychiatrist, which I disagree with the characterization of the defense counsel, that this is somehow uncontested. As if any psychiatrist comes in who's hired by the defense, who's met a few hours with the defendant, who has a general bias in their direction. Well, who contested it? There was no evidence to the contrary. You say it was not contested. I have the record that states it. It was contested in the sense that she was cross-examined, and the judge is not required to accept everything that she says as if she has a crystal ball into the future. No, it does not accept everything an expert says, if you can find some reason to doubt what the expert's conclusions are. But to just say willy-nilly that I don't agree with this is not the reason for fact-finding under procedural due process. And we're dealing here now with procedural due process. The facts of the case, vis-a-vis what the crime actually was, and with particular emphasis on the woman who's involved in this crime. And there's nothing there, what the judge said, that articulated the pathetic situation that this woman was in at the time she committed this crime. I think there was, and I think that what Your Honor is actually doing is... When did he articulate it indirectly? Where was it articulated? I'm going to tell you that, and if I may, I want to start with what the defense attorney argued before the judge gave his statement. The defense attorney said, Your Honor, this is a combination. This person is a result of a combination of so many factors and experiences. Emotional, sexual, psychological, psychiatric. All of these things combined in her lead to the situation that brings us here to the court today. The government then made its argument, and the judge responded to that. The judge said, I'm taking into account the person that stands here. I'm taking into account your history. Your history that was presented to the court. The court takes that into consideration. And then, having done that, the court also notes, not in some overwhelming way, not saying, I am so blown away by all these crimes. She says, at the same rate that she addresses the other issues, she says, I'm also considering the crime that was committed. It's a serious crime. I have a need to protect your children and protect others. So there is the counsel. What I'm hearing from your response today is that the judge articulated a general response to the factual situation that this woman had and made a general response that I've considered it. Well, that's not what 3553 is about. She had specific factual allegations. Why some consideration should be given other than a 35 or 30-year sentence for this woman that is functioning at a 9- or 10-year level. And the judge just mentioning one thing here generally, without articulating the specifics, is inadequate. Now, as far as the counsel at sentencing is concerned, you mentioned sandbagging as a big issue here. There's no sandbagging. The argument of counsel at defense, at the argument there at sentencing, was inadequate, and that's why you are today pleased to argue from a position of plain error. Since without showing it's plain error, your adversary cannot prevail. But there's no sandbagging here at all. We're dealing with plain error, and his position is there's plain error here because the judge never took into consideration the facts. And taking into consideration the facts is not saying, I've considered all the facts of your case, period. Well, that's not considering the facts. He's got to articulate what those facts are, which are overcome by other facts, which are diminutive of the position. There's nothing here in this record that can justify this type of sentencing. In my opinion, for a woman that is nine, ten years old, intellectually, it's treatable, that's another thing. You're not dealing with someone that's going to be a pedophile. If they're treatable and the evidence uncontested is that she's treatable, that she was subject to the, it's not strange that people who are subject to this type of behavior wind up in the same shoes at a later date in their life. And I find it very difficult to find putting someone into jail like this, with this record, for a crime which is horrific. And that's why I said I think the crime overtook the sentencing judgment. With all due respect, your honor, I believe that the argument that your honor is currently making and that what informs your view, as you've articulated here today, is a substantive unreasonableness one. I believe that that is an argument that it basically is that you think this judge imposed a wrong sentencing in this case. If it's procedurally inadequate, it would automatically be substantive. It would follow as a matter of course that you wouldn't have to go to the next question. If it's procedurally adequate, then you go to the question, is there a substance problem? But if it's procedurally inadequate, it's automatically substantively automatically. That's not the law of the Third Circuit. In many cases, the courts have found that if a case is procedurally inadequate, procedurally deficient under the law, the case is then sent back to the court, to the district court, to address a procedural issue. And most often than not, this court meets the substantive issue. There's a procedural inadequacy here, which a reviewing court like us cannot intelligently review the sentence by the district judge when there's no record factually for us to review. So we are handsprung in our ability to do our function because there's no record to review. I believe there is a record to review. And what Your Honor is confusing, I believe, is the difference between whether the court in fact considered all of these facts and whether the court articulated its consideration of these facts. I agree with that, yes. And what this court, the district court, albeit speaking very succinctly, articulates the fact that it considered all of the arguments that Your Honor is currently making very passionately on behalf of a shorter sentence for this defendant, which is a very respectful position to take in what was a close and hotly contested case. But where did the district court analyze these facts and say why there are no significance or insignificant? In the record, saying I've considered the facts satisfied a factual analysis of what the facts are. Just saying something generally is not a consideration of the facts. Can we consider the statement of reasons? I'm sorry, that's a good idea. Can we consider the statement of reasons? I'm talking about the document that gets filed after the sentencing to inform us as to what the court considered and the basis of the facts. Yes, I think Your Honor can consider those as well, and that was addressed. Respectfully, I did not address that in my brief, the statement of reasons, and to be perfectly candid with the court, in dealing with our appellate chief, that is typically not public, so we just addressed what was in the transcript of the hearing. So I didn't address the statement of reasons, but I don't see any reason why you can't consider it, but I also don't see any reason why you need to consider it. Well, what are the records, what are the facts of the record that the judge considered? Tell us. What are these matters that were ticked off here by myself and your adversary? Where were they discussed by the judge? In the record. I will tell you, on page 166 to 167, when this court says, I considered the tragic history, and I considered what was presented to me by the psychiatrist, she is uttering the words, I've thought about everything that was just presented here to me today, that you, defense counsel, just summarized as the combination of all these conditions that makes her a much more pathetic figure than somebody else who might come before me who commits those crimes. It is absolutely implicit in that statement that she did consider all that. How long is that statement? It's very short. How many sentences is that statement? It's less than a page of a transcript. It's not, Your Honor, a lengthy description of what her full analysis is. It's no description, is it? Most judges do more. But this satisfies the law. It absolutely does. Because it is enough that a reviewing court can look at that and say, what were her reasons? What did she do here? Did she consider everything? And she said, Excuse me, sir. And she said at the time, I considered all your reasons, right? In effect. But she did not articulate what those reasons were or why they were significant or insignificant. She said, So what you're saying is the judge under our sentencing procedural irregularity, all you have to say is, I considered all your arguments, and I'm satisfied it's of no significance. Without articulating, ticking off the various arguments and why I accept, reject, you know. That to me is a very shorthand expression for just covering up an issue that you don't want to speak too much to. All right. And again, I respectfully and strongly disagree. She doesn't simply say, I've considered everything that was presented to me, and I'm now imposing this sentence.  I've considered your tragic history. I've considered you as a person. I've considered what was presented to me by the psychiatrist. But what I'm also weighing is the fact that this was a horrendous crime, that you were responsible for your children, that you were supposed to protect your children, and I as a court need to protect your children and other children. And she is referencing the 3553 factors. Protecting the public. Punishing the defendant. She's doing it in a short-minded way. And I would point your honor to Flores Mejia. Again, which is a case that says that this is now on plain error review. But interestingly, in that case, when the defense argued for leniency based on cooperation, the court responded, okay, thanks, anything else. That's all the court said. And the Third Circuit said, that this is a close case, not on plain error review, but just on abuse of discretion. The court is not required to go into every single reason in responding to every single individual point that a defendant raises. All the court is supposed to do is demonstrate that it gave consideration to all of these things. What about the argument your adversary made that in their written submission, they made a challenge to the sentencing guideline for trial pornography. It wasn't raised at the oral sentencing proceeding, and the district court made no mention of it. Your honor stated it perfectly. Under Lopez-Reyes, the court is not required to address that. And looking again at the context of what happened at this hearing, defense never raised it again after writing it in the briefs. We responded in our briefs. There was no reason why the court was then required to address that specific issue, which is basically a wholesale challenge to the guidelines. Not at all. And if you look at the cases that have followed unpublished opinions in this circuit, Elston and Tanzola, in those cases the court also didn't state on the record that it had considered this wholesale challenge to the guidelines, and that was not considered error. I know my time is up, but if I can just say... One other question. Where in that record did the judge mention her mental health problems or intellectual disability? Specifically, where was that mentioned? Having in mind 53-35 requires that defendant's characteristics as well as history be considered. Where in that did the judge ever consider those? I don't want to sound like I'm a smart aleck. You don't sound that way to me also. I'm telling you, Your Honor, and I cannot say this and emphasize this enough, the court absolutely referred to all that in her summary on page 166 and 167. When she talked about the person, when she talked about the tragic history, when she talked about hearing everything that the psychiatrist had presented, what she was saying is, I've considered all of those things that Your Honor has stated, and I firmly believe that what Your Honor is doing right now in asking me these questions is sitting up there and substituting your judgment for the district court in the ultimate sentence that this district court imposed, and I think Your Honor believes that that sentence is substantively unreasonable. And I believe that it is not. We've argued it is not, because it cannot be said that no reasonable court would have, for the reasons that it stated under the facts of this case, imposed this sentence. The judge valued what the defense had presented, valued it at a five-year reduction. She granted a variance. The courts have all held. You don't have to say a lot about a guideline sentence, much less one that is now below the guidelines. She said enough under the law to establish that she gave meaningful consideration to everything, and in the end, weighted these mitigating factors less than what the defense asked for, and I think respectfully what Your Honor thinks the defendant was entitled to as far as a sentence or a reduction in this case for crimes that were horrendous, that will ruin the lives of these young girls absolutely 100 percent. Over. They've been violated in ways they will never be able to get over, and that mattered to the judge. It also mattered that there were these mitigating factors, and the court said, we'll give you five years off on those mitigating factors. That is not procedural error. It is not substantive error, and I believe this court should affirm the sentence. Thank you, counsel, for your answer. Thank you very much. Thank you. I have nothing but the utmost respect for government counsel, but we all make mistakes, and he's made a mistake here, and frankly the case turns on that mistake. If you look at pages 166 and 167 of the appendix, the judge's full explanation, the judge never says, I have considered the testimony of the psychologist. Never. There is no acknowledgment and response to anything that the psychologist had to say. But the statement of reasons demonstrate there was a consideration when it lists, and I'm talking about the judgment, the statement of reasons appended to the judgment, it lists all these mental health issues and intellectual issues that the testimony adduced. So how can we say that the judge didn't consider it? Well, first of all, the statement of reasons doesn't say anything in terms of the psychologist's testimony regarding what was one of the critical arguments for a variance, which is that she is amenable to treatment and that she is at very low risk of reoffending. I also don't agree that the statement of reasons can be considered in this regard because the requirement that this court has is that there be an acknowledgment and response on the record. This is a record? No, on the record in the courtroom before a sentence is pronounced. Nevertheless, this is a form which was filled out not in anticipation of this litigation, but in consideration of the sentence which was imposed by the judge reflecting what the judge had in her mind in sentencing, which I think can be a valuable tool for us in interpreting why the judge did what she did. Yes, Your Honor, but we're not looking... The question here isn't what the judge might have intended. It's what the judge actually said at the time of sentencing. No, it's whether there's a record in front of us that can convince us that the judge considered the appropriate things and on this appeal, whether we can understand what the judge had in mind. Well, in Florence Mejia, for example, Your Honor, this court, when the sentencing judge said, OK, thanks, anything else? This court recognized, Your Honor wrote, while the question put by the district court might be read to reflect that the court heard and considered the argument about cooperation, there was no specific ruling or any other effort to address the argument, so it wasn't enough. So Your Honor recognized that the judge might well have intended that comment to show that he had considered the argument and rejected it, but it wasn't enough because the issue isn't the judge's intent. The issue is whether the court clearly, unambiguously, acknowledged and responded to a viable variance argument, and the judge didn't do it in Florence Mejia, and the judge certainly didn't do it here with respect to the arguments that were put forward regarding her characteristics. As far as the sentencing, he could have incorporated that into the reason for the sentence, but he didn't do that. That's correct. And, therefore, it's not part of the sentence. The reason for the sentence has to be sentencing, not what's in the court records. That's correct. And, I mean, most judges, myself included, used to put that into the record as part of the sentence rationale, but that was not done in this case. And even if the court is to consider the statement of reasons as being relevant, again, the critical variance argument regarding her amenability to treatment, is not being addressed there. And the judge certainly has never addressed a very meritorious argument relating to the child pornography guidelines. And this court in Sevilla, when it noted where a counsel had made the arguments at sentencing, it was in terms of the sentencing memorandum. Same in Howe. We have a decision from the Fourth and Fifth Circuits saying arguments are properly made in sentencing memorandums and preserved that way, and those were arguments by the government, and the defense challenged them on appeal and said, they weren't remade at sentencing, and the court said it's sufficient that they're made in the sentencing memorandum. You don't want to necessarily have defense counsel have to repeat every single argument that was made in the sentencing memorandum, especially a purely legal one like that argument, when what's taking up the court's time at sentencing is the factual testimony. Yeah, I understand your position on that, but this is sort of a different word than plain error. The question is on the child pornography guidelines, whether it was plain error and hence made the integrity of the proceedings not anything other than something to respect. That's what we need to find out, right? Yes, Your Honor. Thank you both for very, very well argued and great briefs, and we're going to take them out under advisement. Thank you very much. Okay. Thank you. Thank you. Thank you.